UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Avanti Systems USA, LLC

        Plaintiff,

v.

Nicolas Sanchez, Solite Systems LLC, and
Mark Johnson

        Defendants.

---

**COMPLAINT**

Case No.: 24-6704

Plaintiff Avanti Systems USA, LLC ("Plaintiff"), by and through its undersigned counsel, for its Complaint against defendants Nicolas Sanchez ("Sanchez"), Solite Systems LLC ("Solite") and Mark Johnson ("Johnson") (collectively "Defendants") states and alleges as follows:

## PARTIES

1. Plaintiff is a limited liability company duly organized and existing under the laws of the State of Connecticut, with their principal place of business at 200 Pemberwick Road, Greenwich, Connecticut 06831.

2. Plaintiff is owned solely by Matthew Gordon who is domiciled in Connecticut.

3. Avanti is in the business of designing, supplying, manufacturing, and installing high-end glass wall systems and partitions.

4. Sanchez is a natural person domiciled within the state of Rhode Island, having an address of 478 Woodland Road, Woonsocket, Rhode Island 02895.

5. Solite is a limited liability company duly organized under the laws of the State of Massachusetts, with their principal place of business at 177 Huntington Avenue, Suite 1703, Boston, Massachusetts, 01862.

6. Solite is in the business of designing, supplying, and manufacturing glass wall systems and partitions.

7. Johnson is a natural person domiciled within the state of Alaska, having an address of 2146 S. Tongass Highway, Ketchikan, Alaska 99901.

8. Solite has two owners; to wit: Sanchez and Johnson.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (i) there is an actual controversy between the parties; (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (iii) the matter is between citizens of different states.

10. This Court has jurisdiction over this action pursuant to 18 U.S.C. § 1836 misappropriation of trade secrets

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) pursuant to the Terms of the Agreements by and between the Parties.

## FACTS COMMON TO ALL CLAIMS

12. For over twenty years, Avanti has been designing, supplying, manufacturing, and installing high-end glass wall systems and partitions around the country.

13. On or around February 3, 2022, Sanchez was offered employment as Director, Glazing Design Engineering at Avanti.

14. On or around February 12, 2022, Avanti sent to Sanchez a copy of the restrictive covenant employment agreement ("the Agreement") asking for it to be signed and returned. A true and correct copy of the email and Agreement sent to Sanchez is attached hereto as **Exhibit "A"**.

15. On or around February 15, 2022, Sanchez notified Avanti that the Agreement was filled out and that he was making it a priority to scan and send the signed Agreement to an Avanti employee. A true and correct copy of this email is attached hereto as **Exhibit "B"**.

16. On or around February 18, 2022, Sanchez notified Avanti that his scanner was not working properly and asked if he could take a picture of the signed Agreement and send it. A true and correct copy of this email is attached hereto as **Exhibit "C"**.

17. On or around February 18, 2022, at 2:04 PM, Sanchez sent Avanti the first page of the Agreement filled in and last page signed via email, after notifying Avanti he was having issues with his scanner. A true and correct copy of the email showing Sanchez completed the first page of the Agreement and signed the last Agreement is attached hereto as **Exhibit "D"**.

18. Sanchez has acknowledged under oath that he executed the Agreement.

19. Sanchez confirmed under oath that it is his signature on the Agreement.

20. On or around February 21, 2022, Sanchez began his employment with Avanti.

21. Sanchez worked in Research and Development for Avanti, where he had first-hand knowledge of all the test data, product drawings, as well as Avanti's manufacturers and testing facilities.

22. Sanchez also had access to certain projects that were being developed by Avanti, as certain new projects that were not yet launched.

23. One of Sanchez's main projects while working at Avanti was to obtain an STC (sound transmission class) rating for Avanti's systems.

24. An STC rating is used in the United States to quantify the level by which sound is attenuated when sound encounters the partitions.

25. In order to obtain STC ratings, Sanchez, while employed at Avanti, contacted Intertek to do acoustical testing on Avanti's systems.

26. Intertek is a standalone company that is not an affiliate, subsidiary, parent, or related entity to Avanti.

27. The information Sanchez learned throughout his employment, specifically while part of the Research and Development team at Avanti, constituted Avanti's confidential information and trade secrets.

28. On or around December 17, 2022, Sanchez incorporated Solite in Massachusetts. A true and correct copy of the Certificate of Organization for Solite is attached hereto as **Exhibit "E"**.

29. At the time of the incorporation of Solite, Sanchez was still employed at Avanti.

30. Sanchez has acknowledged under oath that at the time he filed to register Solite as a limited liability company in Massachusetts, he knew he would end up having to leave Avanti.

31. Sanchez testified he knew he would have to leave Avanti as it was a potential conflict of interest.

32. On or around December 17, 2022, Sanchez and Johnson executed the Operating Agreement for Solite.

33. Sanchez is listed as the President of Solite in the Operating Agreement for Solite.

34. Johnson is listed as the Chief Financial Officer in the Operating Agreement for Solite.

35. Sanchez's action of incorporating Solite while still employed at Avanti was in direct conflict and in violation of the Agreement Sanchez had with Plaintiff.

36. Another part of Sanchez's duties while employed at Avanti was to interact with Avanti's main manufacturer Alumac Industries ("Alumac").

37. Alumac has been Avanti's primary manufacturer for the last eight (8) years.

38. Sanchez communicated with Alumac during his employment at Avanti.

39. On or around December 15, 2022, Sanchez caused Solite to enter into a Product Development Non-Disclosure Agreement with Alumac.

40. Indeed, Sanchez required Alumac to sign the Product Development Non-Disclosure Agreement before they were to conduct business.

41. Alumac is a standalone company that is not an affiliate, subsidiary, parent, or related entity to Avanti.

42. When Sanchez required Alumac to sign the Product Development Non-Disclosure Agreement, Sanchez was still employed at Avanti.

43. Solite's action of entering into the Product Development Non-Disclosure Agreement while Sanchez was still employed with Avanti was in direct conflict and in violation of the Agreement Sanchez had with Plaintiff.

44. On or about February 21, 2023, Sanchez caused Solite to make its first purchase with Alumac.

45. Sanchez caused Solite to place orders with Alumac while Sanchez was still employed at Avanti.

46. Sanchez's action of causing Solite to purchase material from Alumac while Sanchez was still employed with Avanti was in direct conflict and in violation of the Agreement Sanchez had with Plaintiff.

47. On or around February 21, 2023, while Sanchez was still employed at Avanti, Solite filed a provisional patent for a modular glass wall system (the "Patent").

48. Sanchez filed the Provisional Application for the Patent while he was still employed at Avanti.

49. Sanchez did not notify anyone at Avanti that he had filed the Provisional Application for the Patent.

50. In pertinent part, the Agreement provides in Section e "Ownership of Intellectual Property, Subsection (a) "Disclosure to Company" the following:

*   *   *

> Employee will promptly disclose to Company any significant conceptions and ideas for inventions, improvements, and valuable discoveries Employee conceives of or develops
> 
>   i. solely or jointly with another Person,
>   ii. during the Term and within one year after its expiration or termination,
>   iii. that are directly related to Company's business or activities or that Employee conceives as a result of his or her employment by Company, and
>   iv. regardless whether subject to copyright or patentable and regardless of whether or not such ideas, inventions, or improvements qualify as "work made for hire" (the "Employee Inventions").

*   *   *

51. The Provisional Application for the Patent was for a glass partition system which is the exact business that Avanti is in.

52. Sanchez testified under oath that prior to 2020 when he began working for Avanti, he had no experience designing glass systems.

53. Sanchez failed to disclose to Avanti the Patent.

54. In pertinent part, the Agreement provides in Section e "Ownership of Intellectual Property, Subsection (b) "Assignment to Company" the following:

\* \* \*

Employee will assign to Company, and hereby assigns to Company, all his or her interests and rights in or to any Employee Inventions.

\* \* \*

55. Sanchez has not assigned his interests or rights to the Patent to Avanti.

56. While Sanchez was working at Avanti, he had access to the designs and computer-aided design ("CAD") drawings of Avanti's glass partition systems.

57. Sanchez testified under oath that after he filed the Patent, he understood that Solite would be a competitor of Avanti.

58. The Patent is based upon Avanti's glass partition system.

59. During Sanchez's employment, Sanchez downloaded a large number of files related to Avanti's intellectual property from his work computer.

60. Many of the files which were downloaded by Sanchez were not related to projects he was working on and contained Avanti's confidential information and trade secrets.

61. Sanchez's unauthorized actions in downloading Avanti's confidential files described herein constitutes unauthorized use of confidential information.

62. Indeed, Sanchez downloaded every file of Avanti's since the creation of the company.

63. Many of these files contained proprietary technical details, including information about tracking systems for glass partition walls, which Avanti has spent years researching and developing.

64. These files also contained Avanti's evolution of their tracking systems, including Revit files encompassing 3D models and CAD files encompassing the architectural details.

65. On or around April 17, 2023, Sanchez resigned from his position as General Manager, effective immediately.

66. Solite is a direct competitor of Avanti as they are also in the business of working with glass wall partition systems.

67. Solite has been actively competing in the market for bids against Plaintiff.

68. Sanchez has misappropriated Avanti's confidential files and trade secrets by providing them to Solite which, in turn, has utilized the information to compete with Avanti.

69. Sanchez has and continues to cause damage to Avanti by using confidential information and trade secrets through Solite.

70. Sanchez has demonstrated intention to utilize Avanti's confidential information and trade secrets, in violation of the Agreement and applicable law.

71. Solite offers the same products as Avanti, as well as products Avanti was developing at the time of Count and Sanchez's employment.

72. Solite has also utilized ARCAT, an advertising website affiliated with Avanti, to advertise Solite's business, in direct competition with Avanti.

73. Solite has contracts with Avanti's manufacturer, Alumac, to manufacture the Solite System.

74. Defendants have improperly used Avanti's confidential information and trade secrets, which Sanchez procured during his employment at Avanti, to improperly compete with Avanti and acquire unfair business opportunities.

75. Avanti spent years of research and development to find specific manufacturers and vendors who could create the specific glass wall partitions for Avanti.

76. Solite, due to the unauthorized downloading of Avanti's confidential information and trade secrets by Sanchez, is able to generate ill-gotten gains by doing business by competing with Avanti and vying for prospective customers of Avanti.

77. Upon information and belief, Solite has improperly used and utilized Avant's trade secret and confidential information, which was misappropriated by Sanchez.

## PRIOR LITIGATION

78. On or around September 8, 2023, Plaintiff commenced an action in Westchester County Supreme Court, with Index Number 66608/2023 titled Avanti Systems USA, LLC v. James Count, Nicolas Sanchez, and Solite Systems LLC ("Prior Action"). A true and correct copy of the Summons and Complaint in the Prior Action is attached hereto as **Exhibit "F"**.

79. Plaintiff sought a temporary restraining order and a preliminary injunction against Count, Sanchez and Solite to preliminary enjoin and restrain Defendants for the pendency of the action from using, misusing and/or further converting or otherwise misappropriating in any matter of in any form Plaintiff's intellectual property and confidential information pending the outcome of the action.

80. On or around September 15, 2023, counsel for Sanchez and Solite consented to the temporary restraining order requested in the Order to Show Cause.

81. On or around May 9, 2024, Plaintiff and Defendants Sanchez and Solite entered into a Settlement and Release Agreement ("Settlement Agreement").

82. On or around May 13, 2024, The Honorable Gretchen Walsh, JSC, so ordered the Settlement Agreement. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "G"**.

83. Pursuant to the Settlement Agreement, Sanchez and Solite were to pay Avanti $250,000.00 as a settlement payment ("Settlement Payment"), with the initial payment being due within 30 days the effective date of the Settlement Agreement.

84. In pertinent part, the Settlement Agreement provides in Section 5 titled All Defendant Payment Obligations Are Condition Precedent, the following:

\*    \*    \*

> All payment obligations of the Solite Defendants herein are each a condition precedent to the validity of this Agreement inclusive of all its terms including but not limited to Sections 8, 9, 10, 11, 12, 13 and 14, excluding solely this Section 5. In the event the Solite Defendants fail to fulfill any payment obligation and fail to cure pursuant to Section 6, this Agreement and all of its provisions (excluding solely this Section 5) shall be rendered null and void and Avanti may reinstitute the Action as if this Agreement did not exist. Defendants agree that any statute of limitations shall be tolled during the term of this Agreement and the Defendants agree that, should the Agreement be rendered null and void for failure to fulfill any payment obligation herein, the Defendants shall not raise Statute of Limitations as an affirmative defense and waive such defense. In the event that the Action is refiled, the Defendants and Mark Johnson agree and consent to the personal jurisdiction of the New York State Supreme Court, County of Westchester. If the Action is refiled, the Defendants shall not be entitled to any setoff for any payment made pursuant to this Agreement and waive any claim therefor. Notwithstanding anything in this Agreement to the contrary, this sole provision 5 shall survive and this sole provision 5 is not subject to the condition precedent.

\*    \*    \*

85. Sanchez and Solite failed to make the initial payment pursuant to the Settlement Agreement.

86. Sanchez and Solite failed to make any payment pursuant to the Settlement Agreement.

87. Sanchez and Solite have failed to satisfy their obligations pursuant to the Settlement Agreement.

88. Accordingly, the Settlement Agreement is "null and void" pursuant to its terms.

## AS AND FOR A FIRST CAUSE OF ACTION FOR
### Breach of Contract as against Sanchez

89. Plaintiff repeats and reiterates each and every allegation contained in the forgoing paragraphs with the same force and effect as if set forth fully herein.

90. Plaintiff and Sanchez entered into a valid and enforceable written Agreement for, *inter alia*, the protection of Avanti's confidential information.

91. Plaintiff performed all its obligations required of it by the terms of the Agreement.

92. Sanchez has violated and continues to violate the terms of the Agreement by misappropriating and using Avanti's confidential information and trade secrets to the exclusion of Plaintiff, as described above.

93. Sanchez's actions in using Avanti's confidential information and trade secrets constitutes a material breach of the Agreement.

94. Sanchez's actions in filing the Patent for the Solite System constitutes a material breach of the Agreement, as described above.

95. As a consequence of Sanchez's breach, Plaintiff has suffered and will continue to suffer consequential damages.

96. Plaintiff did not receive the full benefit of the obligations owed to it by Sanchez under the Agreement.

97. Plaintiff has been damaged as a result of Sanchez's actions and is entitled to be compensated as a result of Sanchez's breach of the Agreement.

98.     In light of Defendant Sanchez's breach of Contract, Avanti is entitled to a judgment for compensatory and consequential damages in excess of the jurisdictional limits of this Court and to be determined at trial.

**AS AND FOR A SECOND CAUSE OF ACTION FOR**
Misappropriation of Trade Secrets Against Defendant Sanchez

99.     Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

100.    Plaintiff derives independent economic value from its confidential information and trade secrets, and from such information not being generally known or readily ascertainable through proper means by other persons who can obtain economic value from its disclosure of use.

101.    Plaintiff took reasonable steps to keep its information secret, including but not limited to limiting access to the information to only those with a legitimate business right and need to know, requiring its computers containing such information to be protected, requiring its employees to enter into confidentiality agreements, and not disclosing such information outside of Avanti.

102.    Defendant Sanchez willfully and maliciously misappropriated and is using Avanti's trade secrets, including information about the designing, manufacturing, and installing of glass partition systems, by improper means, without Avanti's consent, and for their own benefit, in violation of the Uniform Trade Secrets Act ("UTSA").

103.    Defendant Sanchez has demonstrated intention to utilize Avanti's trade secrets and confidential information.

104. Defendant Count and Defendant Sanchez have engaged in, and are continuing to engage in, and threaten to continue to engage in willful and deliberate theft and misappropriation of Avanti's trade secrets and confidential information.

105. Defendant Sanchez's actions have caused and will continue to cause substantial damage to Avanti.

106. In light of Defendant Sanchez's unauthorized use, willful and deliberate theft and misappropriate of Avanti's trade secrets and confidential information, Plaintiff is entitled to a Judgment directing Defendant Sanchez to cease and desist and to return all trade secrets and confidential information to Plaintiff.

107. In light of Defendant Sanchez's unauthorized use, willful and deliberate theft and misappropriate of Avanti's trade secrets and confidential information, Plaintiff is entitled to a Judgment for damages against Defendant Sanchez, in an amount to be determined at the time of trial in excess of the jurisdictional limits of this Court.

108. Based on Defendant Sanchez's misappropriate of this information, Plaintiff seeks its actual damages, including Defendant Sanchez's unjust enrichment, resulting from the misappropriation.

109. Plaintiff also seeks temporary and permanent injunctive relief prohibiting Defendant Sanchez from further using or disclosure of Avanti's trade secrets.

**AS AND FOR A THIRD CAUSE OF ACTION FOR**
Misappropriation of Trade Secrets by Use Against Defendant Solite

110. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

111. Plaintiff derives independent economic value from its confidential information and trade secrets, and from such information not being generally known or readily ascertainable through proper means by other persons who can obtain economic value from its disclosure of use.

112. Plaintiff took reasonable steps to keep its information secret, including but not limited to limiting access to the information to only those with a legitimate business right and need to know, requiring its computers containing such information to be protected, requiring its employees to enter into confidentiality agreements, and not disclosing such information outside of Avanti.

113. Solite has willfully and maliciously misappropriated and is using Avanti's trade secrets, including information about the designing, manufacturing, and installing of glass partition systems, by improper means, from Defendant Sanchez, without Avanti's consent, and for Solite's own benefit, in violation of the Uniform Trade Secrets Act ("UTSA").

114. Solite has demonstrated intention to utilize Avanti's trade secrets and confidential information.

115. Solite has engaged in, and is continuing to engage in, and threaten to continue to engage in willful and deliberate theft and misappropriation of Avanti's trade secrets and confidential information.

116. Solite's actions have caused and will continue to cause substantial damage to Avanti.

117. In light of Solite's unauthorized use, willful and deliberate theft and misappropriate of Avanti's trade secrets and confidential information, Plaintiff is entitled to a Judgment

directing Solite to cease and desist and to return all trade secrets and confidential information to Plaintiff.

118. Based on Solite's misappropriation of this information, Plaintiff seeks its actual damages, including Solite's unjust enrichment, resulting from the misappropriation.

119. Plaintiff also seeks temporary and permanent injunctive relief prohibiting Solite from further use or disclosure of Avanti's trade secrets.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
### Tortious Interference with Contract as Against Defendant Mark Johnson

120. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

121. Sanchez executed the Agreement on February 14, 2022.

122. The Agreement is a valid written agreement between Sanchez and Plaintiff.

123. Johnson knew that Sanchez had executed the Agreement with Plaintiff.

124. Johnson was at all relevant times aware of the Agreement and terms thereof, including but not limited to the Ownership of Intellectual Property.

125. Johnson knowingly and intentionally induced Sanchez to breach his Agreement in the manners as set forth herein.

126. Johnson intentionally induced Sanchez to breach the Agreement without justification.

127. Johnson's interference was intentional and malicious and performed with an improper motive.

128. As a result of Johnson's intentional act of inducing Sanchez to breach the Agreement, Johnson tortiously interfered with the Agreement between Sanchez and Avanti.

129. As a result of Johnson's interference, Plaintiff has been damaged and will continue to be damaged in an amount to be determined at trial.

130. Based on the foregoing, Plaintiff is entitled to Judgment in its favor as against Defendants in an amount to be determined at the time of trial of this action.

**AS AND FOR AN FIFTH CAUSE OF ACTION FOR**
<u>Temporary, Preliminary and Permanent Injunction as Against all Defendants</u>

131. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

132. Plaintiff owns and possesses all of its intellectual property and confidential information which includes, but is not limited to the creation, development, design, marketing, engineering, packaging, and any other work related to glass partition systems.

133. Upon information and belief, as set forth above, Defendants have, intend to and continue to misappropriate Plaintiff's intellectual property and confidential information by utilizing Solite's Patent and competing against Avanti in the glass partition industry.

134. Upon information and belief, as set forth above, Defendants have, intend to and continue to misappropriate Plaintiff's intellectual property and confidential information and using Plaintiff's intellectual property and confidential information with other(s) to the exclusion of Plaintiff.

135. Defendants have an obligation to keep confidential and to return to Plaintiff any and all of Plaintiff's intellectual property and confidential information.

136. Unless enjoined and restrained, Defendants will continue to misappropriate Plaintiff's intellectual property and confidential information.

137. Plaintiff has suffered and will continue to suffer irreparable harm as a result of the Defendants conduct unless immediately and permanently restrained.

138. Plaintiff has no adequate remedy at law.

## JURY DEMAND

139. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Avanti Systems USA, LLC, respectfully requests Judgment in its favor:

1. As and for the First Cause of Action, judgment declaring Defendant Sanchez to be in breach of the Agreement and awarding damages in an amount to be determined at the trial of this action;

2. As and for the Second Cause of Action, judgment declaring Defendant Sanchez to have misappropriated Avanti's trade secrets and awarding damages in an amount to be determined at the trial of this action;

3. As and for the Third Cause of Action, judgment declaring Defendant Solite to have misappropriated Avanti's trade secrets and awarding damages in an amount to be determined at the trial of this action

4. As and for the Fourth Cause of Action, judgment declaring Defendant Johnson to have tortiously interfered with Sanchez's Agreement with Avanti and awarding damages in an amount to be determined at the trial of this action;

5. Granting a Temporary Restraining Order enjoining and restraining Defendants from utilizing Solite's Patent, thereby protecting Plaintiff's intellectual property rights, and enjoining and restraining Defendants from revealing, using, misusing, converting, or

otherwise misappropriating in any manner or in any form Plaintiff's confidential information and/or intellectual property pending the outcome of this action;

6. Granting Preliminary and Permanent Injunctions enjoining and restraining Defendants from utilizing Solite's Patent, thereby protecting Plaintiff's intellectual property rights and enjoining and restraining Defendants from revealing, using, misusing, converting, or otherwise misappropriating in any manner or in any form Plaintiff's confidential information and/or intellectual property;

7. Directing Defendants to return to Plaintiff any and all copies in existence of any confidential information and/or intellectual property; and

8. Awarding such other and further relief as this Court deems just and proper.

Dated: Rye, New York
August 28, 2024

**DORF NELSON & ZAUDERER LLP**

By: _____
Jonathan B. Nelson, Esq.
Christina L. Grimes, Esq.
555 Theodore Fremd Avenue, Suite A300
Rye, New York 10580
(914) 381-7600
Email: jnelson@dorflaw.com
Email: cgrimes@dorflaw.com
*Attorneys for Plaintiff*

## VERIFICATION

STATE OF CONNECTICUT  \
COUNTY OF FAIRFIELD  } ss.:

MATTHEW GORDON, being duly sworn deposes and says:

I am the chief executive officer of Avanti Systems LLC, the Plaintiff in the above-captioned action. I have read the foregoing COMPLAINT and know its contents. The contents are true to my own knowledge, except as to matters stated to be on information and belief, and as to those matters, I believe them to be true.

The grounds of my belief as to all matters in the COMPLAINT stated upon my own knowledge are my personal knowledge and the communications and investigation which I have made concerning the subject matter of this COMPLAINT, and information acquired in the course of my duties as chief executive officer of Avanti Systems LLC. I make the verification because I am a duly authorized officer of Avanti Systems LLC.

_____  \
MATTHEW GORDON

Sworn to before me this

28th day of August, 2024

_____  \
Notary Public