C H A R N A S   L A W   F I R M ,   P C

45 Rockefeller Plaza                                                    265 Franklin Street
Suite 2000                                                             Suite 1702
New York, NY 10111                                                     Boston, MA 02110
Tel 212 980 6800                                                       Tel 617 557 4700
Fax 212 980 1871                                                       Fax 617 557 9199

September 14, 2024

Honorable Kenneth M. Karas
U.S. District Court, Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re:    *Avanti Systems USA LLC v. Nicolas Sanchez, et al.*, No. 7:24-cv-06704-KMK;
       Defendants' Letter-Motion to Adjourn Hearing on Order to Show Cause and Reset
       Associated Briefing Schedule

Dear Judge Karas:

      I respectfully write this letter motion requesting that the Order to Show Cause hearing,
currently scheduled for September 18, 2024, be adjourned, and that a new briefing schedule be
set by the Court, should Plaintiff's case survive Defendant's anticipated motion to dismiss for
lack of personal jurisdiction. That motion is the subject of a pre-motion letter, filed today. No
request to the Court for an adjournment of the Plaintiff's motion has been made previously.

      I was retained as local counsel on the above-captioned matter on Thursday. Lead counsel
was also retained late last week and has requested a pro hac vice appearance, which was
approved as to form on Friday, but which is yet to be granted by the Court, so they are unable to
file into the case. Lead counsel, Kenneth Parker, Esq., immediately reached out to counsel for
plaintiff to request additional time to get up to speed on the matter before making any filings in
the case (including responding to Plaintiff's request for preliminary injunctive relief), but
Plaintiff's counsel would not agree to any additional time. His reason was that the Plaintiff wants
a preliminary injunction granted right away, and will not agree to anything that delays it. Mr.
Parker also informed Plaintiff's counsel that defendants intended to move to dismiss under Rule
12(b)(2) for lack of personal jurisdiction, but offered instead to agree to the transfer of the case to
D. Mass. where the courts have personal jurisdiction over Defendants. Plaintiff's counsel also
declined this proposed compromise. I understand that your Individual Rules ordinarily require
five days' notice for a request to postpone a scheduled hearing, but under the circumstances I
respectfully request that you make an exception to that rule and postpone the hearing on
Plaintiff's requested preliminary injunctive relief.

      In support of this request, I would point out that Defendants are likely to prevail on their
12(b)(2) motion for the reasons set forth in a pre-motion letter filed today in regard to lack of
personal jurisdiction. In addition, there is no urgency to consideration of the requested
preliminary injunction, since Plaintiff has failed to allege any potentially imminent irreparable
harm. As the Court observed in denying Plaintiff's request for *ex parte* preliminary relief,
Plaintiff has "failed to demonstrate that it would suffer immediate irreparable harm absent" the
requested injunctive relief. (Docket # 14). The same logic applies to the scheduling of the
hearing and briefing on the request. Since Plaintiff is at no risk of imminent irreparable harm,
there is no need for a hearing on its motion for preliminary injunctive relief while the issue of
personal jurisdiction is resolved. (Also, briefing that issue could be interpreted

Honorable Kenneth M. Karas
September 14, 2024
Page 2

as consent to personal jurisdiction, placing Defendants in an untenable Catch-22.)

    In addition, it would be unfairly prejudicial to require Defendants' counsel to brief the preliminary injunction issue within a few days of appearing in the case. This matter has a complex fact pattern. Both Defendants' local and lead counsel are new to this representation. It is in the interest of justice for Defendants' counsel to have sufficient time to read the voluminous materials in this case and to conduct appropriate legal research before they are required to brief the Court on the issue of preliminary injunctive relief, especially given that the relief requested would prevent Defendants from using their patent-pending technology, effectively putting them out of business.

    The Defendants have never requested an adjournment of this motion previously.

    Thank you for your attention to this matter.

Sincerely,
/s/ SEC
Scott E. Charnas

    I hereby certify that this document will be sent this day, September 14, 2024, to counsel of record through the ECF system. /s/ SEC
Scott E. Charnas

The request to adjourn the Order to Show Cause hearing is denied.  However, the Court will now hold this conference telephonically.

SO ORDERED.

9/16/24